IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALLEN FRANK MARTIN                                                                                   PLAINTIFF

v.                                          Civil No.: 2:18-CV-02060

SHERIFF BILL HOLLENBECK and                                                                 DEFENDANTS
ARAMARK COMPANY

## ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is a Motion to Dismiss by Defendant Aramark. (ECF No. 16).

### I. BACKGROUND

Plaintiff filed his Complaint on March 27, 2018. (ECF No. 1). The Court entered an Order the same day granting Plaintiff IFP status. (ECF No. 3). This Order advised Plaintiff that he must inform the Court of an address change within thirty days from the date of his transfer or release, or his case would be subject to dismissal. (*Id.*) On June 25, 2018, mail sent to Plaintiff was returned as undeliverable. On July 2 and July 5, 2018, mail sent to Plaintiff was again returned as undeliverable. Plaintiff's deadline to inform the Court of his address change was July 25, 2018.

On July 26, 2018, Defendant Aramark filed a Motion to Dismiss, noting the deadline had passed, and Plaintiff had failed to obey a court order and to prosecute this case. (ECF No. 16).

### II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

monitor the progress of the case, and to prosecute or defend the action diligently . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case due to a plaintiff's failure to prosecute or failure to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 31st1st day of July 2018.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE